# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:23-CR-0164 |
| v. | (Chief Judge Brann) |
| DAVID DONKOCHIK, | |
| Defendant. | |

## MEMORANDUM OPINION & ORDER

### JANUARY 27, 2025

David Donkochik, a former lieutenant at the Mt. Carmel Borough Police Department, was charged with conspiracy to deprive rights under color of law, in violation of 18 U.S.C. § 241, and four counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242.[1] The Government alleges that Donkochik and his co-defendants Jonathan McHugh and Kyle Schauer, two fellow Mt. Carmel police officers, agreed to and did use excessive force against arrestees and destroyed evidence, made false reports, and threatened arrestees to conceal their conduct.[2] Donkochik and McHugh are scheduled to jointly stand trial beginning on April 28, 2025.[3] Schauer pled guilty.[4]

---

[1] Doc. 1 (Indictment) at Counts 1, 5, 6, 12, & 23.
[2] *See generally id.*
[3] Doc. 68.
[4] Doc. 61.

Apparently, the officers failed to destroy all the evidence of their conduct. Donkochik has filed a motion in limine seeking to sever his trial from McHugh's.[5] He is concerned that "graphic video footage" of McHugh's interactions with alleged victims, together with testimony from witnesses allegedly beaten by McHugh, will have a "spillover effect" and prejudice the jury against him.[6]

A district court has discretion to decide whether to sever a criminal trial.[7] Severance is permitted only when "the joinder of defendants or a consolidation for trial appears to prejudice a defendant."[8] There must be "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence,"[9] and the "prejudice from the violation of [that] right [must be] 'clear and substantial'" to justify severance.[10]

Donkochik's concerns fall far short of establishing the risk of prejudice necessary for severance. Multiple defendants charged with conspiring together generally should be tried together.[11] In such cases, the risk of prejudice from spillover evidence is minimal because "acts committed by one [co-conspirator] in

---

5  Doc. 77 (Mot. for Severance).
6  *Id.* at 4-5.
7  *United States v. Green*, 114 F.4th 163, 171 (3d Cir. 2024) (citing *United States v. Boscia*, 573 F.2d 827, 832 (3d Cir. 1978)).
8  *Id.* at 172 (quoting Fed. R. Crim. P. 14) (alterations omitted).
9  *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).
10  *Id.* (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)).
11  *Id.* at 176 (citing *United States v. de Peri*, 778 F.2d 963, 984 (3d Cir. 1985)); *see Zafiro*, 506 U.S. at 537 (noting that the Supreme Court has "repeatedly . . . approved of joint trials").

furtherance of the conspiracy [are] admissible against the other [co-conspirator]."[12] That is the case here. Donkochik is worried that evidence about McHugh's actions in furtherance of the conspiracy will bias the jury against him, but that conduct is admissible against him as evidence of the conspiracy.[13] There is no need to sever a joint trial when the evidence at issue could be presented at both individual trials.[14]

Donkochik briefly argues that the conspiracy charge does "not necessarily" mean that the evidence of one conspirator's acts is admissible against another if the individual acts were not part of the conspiracy, and contends that may be the case here because "the government did not charge specific incidents in its conspiracy count, and it does not charge a conspiracy as to each alleged victim."[15] He cites no authority for this proposition, and accepting his contention that the individual acts charged are somehow unrelated to the conspiracy would require willful blindness to the blatantly obvious.

---

[12] *United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001) (citing *United States v. DeLuca*, 137 F.3d 24, 36 (1st Cir. 1998)); *see id.* ("Since any evidentiary spillover is vitiated where the evidence in all events would have been admissible against the movant, in the context of conspiracy, severance will rarely, if ever, be required." (quoting *DeLuca*, 137 F.3d at 36)).

[13] *See United States v. Tutis*, 167 F. Supp. 3d 683, 693-94 (D.N.J. 2016) (denying motion for severance based on risk of spillover evidence of co-defendant's independent acts because evidence was admissible for conspiracy charge); *United States v. Ramos*, 971 F. Supp. 186, 188-96 (E.D. Pa. 1997) (same, and including analysis under Fed. R. Evid. 403).

[14] *See Tutis*, 167 F. Supp. 3d at 693 (noting that severance was not necessary because "even if the Court granted severance, much, if not all, of the evidence concerning [the defendant's] alleged conspirators could still be presented as against him").
   This conclusion applies equally to Donkochik's request in the alternative to impanel two juries.

[15] Doc. 78 at 5.

Whether an act is "in furtherance of the conspiracy" depends on "the scope of the conspiratorial agreement."[16] The indictment alleges that Donkochik, McHugh, and Schauer conspired to beat, intimidate, and threaten detainees from June 15, 2018, to December 3, 2021.[17] The charged individual acts all involve at least one alleged co-conspirator using excessive force against detainees between June 15, 2018, and October 15, 2021.[18] They align. Restating the conspiracy for each act would be—with apologies for an insensitive metaphor—beating a dead horse.

To the extent there is a risk that a jury might erroneously consider the evidence of McHugh's conduct in deciding whether Donkochik is guilty of the individual acts alleged against him, a jury instruction is sufficient to remedy any prejudice.[19] Donkochik's suggestion that it is "naïve" to assume that jury instructions can cure potential prejudice is not well taken. As the United States Supreme Court has advised in this very context, "juries are presumed to follow their instructions."[20] Whatever one might think about Justices of the Supreme Court, they are not naïve. Courts in this posture have repeatedly held that a limiting instruction is the appropriate remedy for concerns like Donkochik's.[21] This Court joins them.

---

[16] *See United States v. Amirnazmi*, 645 F.3d 564, 592 (3d Cir. 2011) (quoting *Grunewald v. United States*, 353 U.S. 391, 397 (1957)).

[17] Doc. 1 ¶ 6.

[18] Doc. 1 ¶¶ 8-51.

[19] *See Zafiro*, 506 U.S. at 539, 540-41 ("limiting instructions[] often will suffice to cure any risk of prejudice"). This conclusion also applies to Donkochik's request to impanel two juries.

[20] *Id.* at 540-41 (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

[21] *Hart*, 273 F.3d at 370 (noting that the district court "properly instructed the jury" and there was "no . . . prejudice"); *Tutis*, 167 F. Supp. 3d at 694; *see Ramos*, 971 F. Supp. at 195.

For the above-stated reasons, **IT IS HEREBY ORDERED** that David Donkochik's motion for severance (Doc. 77) is **DENIED** without prejudice to renewal should legitimate grounds arise.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge